UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GLENN QUANTZ,

    Plaintiff,

v.

CHARLES KIRRY, JOYCE M. WILLMS, WASHINGTON MEDIA SERVICES, INC., STEVE BOONE, ROBERT 'BOB' PATRICK, THURSTON COUNTY REPUBLICAN CENTRAL COMMITTEE AND DEFENDANT DOES 1 through 5,

    Defendants.

Case No. C05-5695RJB

ORDER DENYING PLAINTIFF'S MOTION FOR A CONTINUANCE; GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING RULE 11 SANCTIONS

## INTRODUCTION AND BACKGROUND

This action is brought by Plaintiff Glenn Quantz, an unsuccessful candidate for Thurston County Sheriff, against the named Defendants who are alleged to have supported the candidacy of Plaintiff's election opponent. The factual allegations of the Plaintiff's Complaint are as follows: Mr. Quantz was employed by the Thurston County Sheriff's Department from 1987 until his alleged constructive discharge on July 16, 2004. In October 2001, he announced his candidacy for Sheriff against incumbent Sheriff Gary Edwards. Both before and after his announcement, Plaintiff campaigned for the position. During the course of the campaign, Plaintiff publicly criticized Sheriff

ORDER - 1

1  Edwards.  Plaintiff alleges that in 2002 Sheriff Edwards' "campaign personnel, campaign advisors
2  and media consultants [the named Defendants] waged a smear campaign" against the Plaintiff and
3  that Defendants attempted to silence political opponents.  Plaintiff asserts that these campaign
4  personnel, advisors and media consultants "obtained private facts regarding Quantz's background
5  that were held in confidential personnel files."  Finally, Plaintiff asserts that Sheriff Edwards
6  published or caused to be published the details of these private facts, purposely distorting them,
7  without regard as to their truth or accuracy. [1]  Plaintiff alleges that Defendants' conduct caused him
8  anxiety, trauma, stress, emotional distress, embarrassment, loss of future employment prospects, and
9  has permanently and adversely affected Quantz's life and career.  From the factual allegations,
10 Plaintiff pleads four causes of action:

   **FEDERAL FREE SPEECH**.  Plaintiff alleges that Defendants have punished Plaintiff as a result of Plaintiff's political speech and speech on matters of public concern in violation of the First Amendment of the United States Constitution.

   **WASHINGTON FREE SPEECH.**  Plaintiff alleges that Defendants have punished Plaintiff as a result of Plaintiff's political speech on matters of public concern in violation of Article 1, sections 3 and 5 of the Washington State Constitution.

   **OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**.  Plaintiff alleges that Defendants' extreme, outrageous, intentional or reckless infliction of emotional distress upon Plaintiff caused severe emotional distress and that by producing and distributing and printing campaign materials and advertisements which were rife with inaccuracies or all-out falsehoods, Defendants acted in an outrageous manner that caused Plaintiff severe distress.

   **DEFAMATION**.  Plaintiff alleges that Defendants' conduct in knowingly and/or recklessly

---

[1] Although the Complaint makes reference to Sheriff Edwards' actions in publishing the defamatory information, neither Sheriff Edwards or any other public employee or public entity is named as a defendant.

ORDER - 2

publishing misleading, inaccurate and erroneous information to third parties was unauthorized, harmed Plaintiff's reputation, and resulted in creating a diminished or negative opinion of Plaintiff among those people to whom Defendants' published the accusations.  Plaintiff alleges that Defendants' conduct violated the Washington State laws relating to defamation.

Plaintiff invokes federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and under 42 U.S.C. § 1983.

Defendants move for dismissal of this case on the basis that this Court lacks subject matter jurisdiction over Plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(b)(1).  Dkts. 17, 22 and 23.  Additionally, Defendants moved for dismissal of the case arguing that Plaintiff has failed to state any claims upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Id.

## DEFENDANTS' CR 12(b)(1) MOTION FOR DISMISSAL

Defendants move for dismissal on the basis that this Court lacks subject matter jurisdiction over Plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(b)(1).  Dkts. 17, 22 and 23.  Defendants argue that because Plaintiff fails to state a cause of action under federal law, any remaining state law claims are outside this Court's jurisdiction.  Id.

Pursuant to 28 U.S.C. § 1367, this Court finds that the state and federal law claims in this matter are so closely related that they "form part of the same case or controversy under Article III." Accordingly, the Court finds it has subject matter jurisdiction over the state law claims and will address the Rule 12(b)(6) motions to dismiss all the claims.

## STANDARDS FOR RULE 12(b)(6) DISMISSAL

On a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the Plaintiff, taking all his allegations as true and drawing all reasonable inferences from the complaint in his favor.  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Doe v. U.S., 419 F.3d 1058, 1062 (9th Cir. 2005).  However,

ORDER - 3

"[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology, 228 F.3d 1043, 1049 (9th Cir. 2000).

**CIVIL RIGHTS CLAIM**

Plaintiff's Complaint does not specifically identify a claim under 42 U.S.C. § 1983. Dkt. 1. However, Plaintiff's Complaint does identify Section 1983 as a basis for jurisdiction and does identify a claim under the federal constitution. Id. Read broadly, it appears Plaintiff is attempting to make a Section 1983 claim, as he claims in his Response (Dkt. 28).

In his Response (Dkt. 28) to the Motion, Plaintiff alleges that, if given the opportunity for investigation and discovery, he may be able to develop evidence of joint action between Sheriff Edwards and Defendants that would show that they were, in fact, acting under color of law, thereby making out a Section 1983 claim. Dkt. 28 at 3-6.

Although Plaintiff mentions Section 1983 in his Complaint (Dkt. 1) and in his Response (Dkt. 28), he has not set forth a Section 1983 claim in his Complaint: he has not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must plead two essential elements: 1) that Defendants acted under color of state law; and 2) Defendants caused the Plaintiff to be deprived of a right secured by the Constitution and the laws of the United States. Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997). Plaintiff merely makes the perfunctory statement that this action arises under the United States Constitution. This bare jurisdictional reference does not plead either of the two essential elements of a civil rights claim. Moreover, the factual allegations of the Complaint fail to plead an action cognizable under Section 1983.

The first element of a cause of action under Section 1983 is an unconstitutional deprivation of property by someone acting under color of state law. Newman v. Sathyavaglswaran, 287 F.3d 786, 789 (9th Cir. 2002). There is no such allegation in the Complaint. The named Defendants are not

ORDER - 4

state officials, nor are they clothed under the authority of the state. A cause of action may lie against a private party who is a willful participant in a joint action with the state or its agents. However, a bare allegation of joint action will not overcome a motion to dismiss; the Plaintiff must allege facts tending to show that the Defendants acted under color of state law or authority. De Grassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000). The Complaint does not support a claim of unlawful joint action by the Defendants and any state actor. Plaintiff has not pled a Section 1983 claim.

Plaintiff's Section 1983 claim also fails for lack of any allegation of a deprivation of liberty or property. A public official's defamation of a Plaintiff, standing alone and apart from any other governmental action with respect to the Plaintiff, does not state a claim for relief under 42 U.S.C. § 1983. Defamation is a tort actionable under state law, but is not a constitutional deprivation. Siegert v. Gilley, 500 U.S. 226, 233 (1991); Paul v. Davis, 424 U.S. 693, 711-12 (1976); Gini v. Las Vegae Metro. Police Dept., 40 F.3d 1041, 1045 (9th Cir. 1994). Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983.

## FEDERAL FREE SPEECH CLAIM

As a general matter, federal courts have subject matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. See, 28 U.S.C. § 1331(general federal question jurisdiction; 28 U.S.C. § 1343 (jurisdiction for federal civil rights claims). The Plaintiff states his "federal free speech" claim as follows: "Defendants have punished plaintiff as a result of plaintiff's political speech and speech on matter of public concern in violation of the First Amendment to the United States Constitution."

There is no federally recognized cause of action for "punishing" free speech as alleged by Plaintiff. See, McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 346-47 (1995); Siegert v. Gilley, 500 U.S. 226, 233 (1991); Paul v. Davis, 424 U.S. 693, 697-698, 711-712 (1976). Outside the law of defamation, no cause of action exists to compensate one political speaker for the speech of another. Plaintiff's free speech claim, as pled, is simply not cognizable under federal law.

ORDER - 5

### WASHINGTON FREE SPEECH CLAIM

Plaintiff alleges that Defendants have punished him as a result of Plaintiff's political speech on matters of public concern in violation of Article 1, Sections 3 and 5, of the Washington State Constitution.  Article 1, Section 3, provides that "no person shall be deprived of life, liberty, or property, without due process of law."  Article 1, Section 5, provides that "Every person may freely speak, writ and publish on subjects, being responsible for the abuse of that right."  Plaintiff's reference to these provisions does not state a cause of action.  Washington courts have consistently refused to recognize a tort cause of action based upon a violation of Article 1, Section 5.  Blinka v. Washington State Bar Assn., 109 Wn.App. 575, 591, 36 P.3d 1094 (2001).

### OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Where the facts alleged in a lawsuit give rise to a defamation claim, the plaintiff cannot recast the cause of action to avoid the statute of limitations applicable to the defamation claim.  Eastwood v. Cascade Broadcasting Co., 106 Wn.2d 466,469 (1986). See also, Rice v. Janovich, 109 Wn.2d 48, 61-62 , 742 P.2d 1230 (1987); Bankhead v. City of Tacoma, 23 Wn.App. 631, 638, 597 P.2d 920 (1979)(plaintiff cannot assert a cause of action for outrage when damages for mental and emotional distress are recoverable under another theory).  The outrage claim is subject to dismissal as barred by the two-year statute of limitations applicable to defamation.

### DEFAMATION CLAIM

The essence of Plaintiff's factual allegations is the claim of defamation.  A defamation plaintiff must establish four essential elements: (1) falsity; (2) an unprivileged communication; (3) fault; and (4) damages.  Mohr v. Grant, 153 Wn.2d 812, 822, 108 P.3d 768 (2005).  The defamation claim, however, is also subject to dismissal.  The statute of limitations for a claim of defamation is two years.  RCW 4.16.100.  The acts that are alleged to have constituted defamation are alleged to have occurred in 2002, or before.  The action was filed on October 20, 2005.  The defamation claim is untimely and thus, barred.

ORDER - 6

## PLAINTIFF'S CR 56(f) MOTION FOR CONTINUANCE

Within Plaintiff's response to the motions to dismiss is a request for a Fed. R. Civ. P. 56(f) continuance. Rule 56(f) provides a means to stay summary judgment. Under Rule 56(f), the court may postpone ruling on a summary judgment motion where the non-moving party needs additional discovery to explore facts essential to justify the party's opposition. Jones v. Blanas, 393 F.3d 918, (9th Cir. 2004). A formal motion is necessary to invoke Rule 56(f) and mere reference in legal memoranda fall short of the requisite formal motion. Beneficial Standard Life Insurance Co. V. Madariaga, 851 F'2d 271, 277 (9th Cir. 1988). "Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery," Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986), and specifying "how [those facts] would preclude summary judgment," Garrett v. City and County of S.F., 818 F.2d 1515, 1518 (9th Cir.1987). Plaintiff has failed to comply with Rule 56(f). "Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." Brae, at 1443. Plaintiff has failed to file the required affidavit detailing with particularity the information he hopes to obtain by discovery. In short, Plaintiff has neglected to comply with the core requirements of Rule 56(f).

Further, there is nothing in the submissions of Plaintiff to suggest that any additional discovery would likely save any causes of action from dismissal. Plaintiff's defamation and outrage claims are barred by the statute of limitations. No claim under the Washington Constitution is cognizable. As to the potential Section 1983 claim, it is difficult to imagine how Plaintiff could prove the first element of the claim: how the named Defendants' political efforts might constitute action under the "color of law." In any event, Plaintiff has not at this time, plead a Section 1983 claim. The request for a continuance of the motions to dismiss or to amend this Complaint should be denied. Dismissal of the "Federal Free Speech Claim" should, however, be without prejudice to filing a Section 1983 claim if further investigation provides sufficient support for such a claim.

## MOTION FOR CR 11 SANCTIONS

ORDER - 7

1  All Defendants (except the Thurston County Republican Central Committee) have filed
2 motions for an award of sanctions pursuant to Fed. R. Civ. P. 11 against Plaintiff and his attorney.
3 Dkts. 26, 27.  These Defendants seek an award of attorneys' fees for responding to the Complaint
4 and filing the motions to dismiss.  Id.  These Defendants assert that Plaintiff's claims are clearly not
5 warranted by existing law or by any argument, let alone non-frivolous argument, for a modification to
6 existing law or the establishment of new law.  Id.

7  A court may impose appropriate sanctions under Rule 11 when an attorney files a pleading
8 that is not well grounded in fact or warranted by law.  Fed. R. Civ. P. 11(c).  Rule 11(b) provides that
9 claims in a complaint must have evidentiary support or must be likely to have evidentiary support
10 based on further investigation or discovery, must be warranted by existing law or non-frivolous
11 argument etc., and must not be presented for an improper purpose such as to harass or cause
12 unnecessary delay or needless increase in litigation costs.  The standard for determining which
13 arguments or claims are non-frivolous is that of a competent attorney admitted to practice before the
14 court.  GC and KB Investments, Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir.2003).  In applying
15 Rule 11, courts must keep in mind two competing considerations.  United Nat. Ins. Co. v. R & D
16 Latex Corp., 242 F.3d 1102, 1115 (9th Cir.2001).  First, Rule 11 must be used in such a way as to
17 discourage use of litigation tactics that are so vexatious as to be unjustifiable and that neither the
18 other parties nor the courts should have to abide such behavior or waste time and money coping with
19 it.  Id.  Second, the court must also ensure that its use of Rule 11 does not diminish the effectiveness
20 of our adversary system by deterring lawyers from the vigorous representation of their clients.  Id.

21  The Ninth Circuit has held an attorney has a duty prior to filing a complaint to conduct a
22 reasonable factual investigation and perform adequate legal research to confirm whether the
23 theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for
24 an extension, modification or reversal of existing law.  Christian v. Mattel, 286 F.3d 1118, 1127 (9th
25 Cir.2002), quoting,  Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537 (9th

26  ORDER - 8

Cir.1986). When a complaint is at issue in a Rule 11 motion, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it. Id.; Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir.1997). The court must therefore examine whether counsel for plaintiff had an adequate legal or factual basis for filing the complaint, and conducted an adequate legal and factual investigation before signing and filing it.

      A review of the Complaint compels the conclusion that, although by the tiniest of margins, it has a factual basis from an objective perspective. The facts may support a timely defamation claim, and reading the Complaint in the broadest of manners, the Court sees a blush of an argument in regard to a Section 1983 claim, although unlikely.

      The Complaint as pled, however, does not have a legal basis from an objective perspective. As above, there is no federal or state constitutional claim for "punishing" free speech against the named Defendants. In response to the Defendants' Rule 11 motions, Plaintiff basically argues the "allegations or other factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery" pursuant to Fed. R. Civ. P. 11 (b)(3), particularly as to the federal free speech claim. Dkt. 35. Plaintiff's argument misses the mark: he still has an obligation to properly plead allegations in the Complaint so as to establish a legal basis for the claim. Furthermore, none of the claims have a legal basis. The defamation claim is clearly barred by Washington's two-year statute of limitations. The outrage claim, predicated on the same set of facts, is also barred by the two-year statute of limitations, and is not cognizable as duplicative of the defamation claim. The free speech claims do not allege an actionable wrong.

      Plaintiff's attorney did not conduct a reasonable and competent inquiry into the legal underpinnings of the Complaint before signing and filing it. Counsel for Plaintiff was given the opportunity pursuant to Rule 11(c)(1)(A) to voluntarily dismiss the Complaint. See e.g. Barber v. Miller, 146 F.3d 707 (9th Cir. 1998). Counsel for Plaintiff failed to dismiss the Complaint and made

ORDER - 9

no effort to correct or amend it after being served with the Rule 11 Motions. Counsel for Plaintiff has not asserted that he is attempting in good faith, to extend, modify or reverse existing law. An inquiry by a reasonable and competent attorney would have revealed the deficiencies in the Complaint. Accordingly, pursuant to Rule 11(c)(2), monetary sanctions in the amount of $750.00 should be awarded against Plaintiff's counsel. Two hundred fifty dollars should be paid to each Defendant that made a Rule 11 motion to apply against attorneys fees and costs, and a penalty of $250.00 should be paid into court.

## CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss the state law claims pursuant to Rule 12(b)(1) should be denied. Defendants Rule 12(b)(6) motions should be granted as follows: 1) the federal free speech claim should be dismissed with prejudice, but without prejudice to a later Section 1983 claim, if investigation develops facts to support such a claim, and 2) the state constitutional, defamation, and outrage claims should be dismissed with prejudice. Plaintiff's motion for a continuance should be denied. Plaintiff's counsel should pay $750.00 in sanctions under Rule 11 as stated above.

ACCORDINGLY,

**IT IS ORDERED**:

1. The Plaintiff's CR 56(f) Motion to Continue Hearing on Defendants' Motions to Dismiss (Dkt. 28) is **DENIED**.

2. The Motion to Dismiss Defendants Charles Kirry, Joyce M. Willms and Washington Media Services Inc. (Dkt. 17), the Motion to Dismiss Defendants Robert "Bob" Patrick and Steve Boone (Dkt. 23), and the Joinder to the Motions to Dismiss by Thurston County Republican Central Committee (Dkt. 22) are **GRANTED**, as follows: 1) the federal free speech claim is **dismissed with prejudice**, but without prejudice to the later filing of a Section 1983 claim if further investigation and legal research provides sufficient support for such a claim, and 2) the state constitutional, defamation,

ORDER - 10

1 and outrage claims are **dismissed with prejudice**.

2     3. The Motion for Rule 11 Sanctions by Charles Kirry, Joyce M. Willms and Washington
3 Media Services, Inc. (Dkt. 26) is **GRANTED**.  Plaintiff's counsel shall pay these moving parties
4 $250.00 in attorneys fees.

5     4. The Motion for Rule 11 Sanctions by Robert "Bob" Patrick and Steve Boone (Dkt. 27) is
6 **GRANTED**.  Plaintiff's counsel shall pay these moving parties $250.00 in attorneys fees.

7     5. Plaintiff's counsel shall also pay a Rule 11 penalty of $250.00 to the Clerk of the Court.

8     The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of
9 record and to any party appearing *pro se* at said party's last known address.

10     DATED this 6th day of February, 2006.

                                        Robert J. Bryan
                                        United States District Judge

ORDER - 11